**In the Matter of ANONYMOUS.**

**No. 49S00–9606–DI–470.**

Supreme Court of Indiana.

Sept. 2, 1998.

DISCIPLINARY ACTION

PER CURIAM.

■ The Disciplinary Commission and the respondent agree that the respondent in this lawyer disciplinary proceeding violated Rule 1.15(a) [1] of the *Rules of Professional Conduct*

---

1. Indiana Professional Conduct Rule 1.15(a) provides, in relevant part, that a lawyer shall hold the property of clients that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client.

*for Attorneys at Law* by commingling personal funds with client funds in his lawyer trust account. The parties further agree that the appropriate sanction for that misconduct is a private reprimand. We agree and therefore accept the parties' agreed resolution, but wish to recount the facts and circumstances of this case in order to demonstrate the delicate nature of trust fund accounting and the need for diligent attention to the details of maintaining such an account.

The respondent is a lawyer in good standing who maintained a client trust account at a banking institution. In addition to depositing client funds into the account, the respondent also accumulated earned attorney fees in the account. Further, between August 1994 and January 1995, he deposited into the account rent checks in an aggregate amount of $2,385.52 from a tenant of an office building he owned. Between September and December 1993, the respondent distributed as quarterly bonuses approximately $44,450.00 to himself and his associate lawyers with checks drawn on the client trust account. These funds were in fact earned attorney's fees.

The obligation under Ind.Professional Rule of Conduct 1.15(a) is one necessitating the care required of a professional fiduciary. *See* Comment to Ind.Professional Conduct Rule 1.15(a). Subsection (a) requires that lawyers hold the property of clients separate from their own, aside from a limited exception to the rule whereby lawyers may leave or deposit in client trust accounts nominal amounts of their own funds, including earned funds, to maintain a nominal balance or to cover nominal account maintenance charges. *See* footnote 1, *supra; Matter of Lehman,* 690 N.E.2d 696, 704 (Ind.1997). By allowing significant sums of earned fees to accumulate and remain in his client trust account for extended periods, and by depositing significant amounts of rental payments into that same account containing client funds, the respondent violated Prof.Cond.R. 1.15(a).

■ The commingling of a lawyer's funds with those held in trust for clients

subjects client funds to many unacceptable risks, including attachment by creditors and misappropriation or conversion of the funds (whether intentional or not) by the lawyer. With regard to determining whether a violation of the "anti-commingling" rule has occurred, it is irrelevant that the misconduct was not part of a scheme to conceal income, was not the product of selfish or dishonest motives, or that client funds were never in fact at risk. Such factors, however, do impact our assessment of proper sanction for violations of the rule. That the respondent had no selfish motive, did not seek to conceal funds, and never placed his client funds in any demonstrable risk is fortunate and relevant to assessment of sanction and therefore persuades us that a private reprimand is appropriate in this instance. Accordingly, the respondent and Commission's agreement in resolution of this case will be accepted by separate order, and the respondent will be privately reprimanded.

Effective February 1, 1998, before the misconduct at issue here, we amended the rule to provide that a lawyer may deposit his or her own funds reasonably sufficient to maintain a nominal balance.